UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| PLAINTIFF DOE, *individually and on behalf of all others similarly situated,* | |
| Plaintiff, | |
| v. | Civil Action No. 1:23-cv-01933-JRR |
| PROGRESS SOFTWARE CORPORATION; JOHNS HOPKINS UNIVERSITY; JOHNS HOPKINS HEALTH SYSTEM CORP., | Hon. Julia R. Rubin |
| Defendants. | |

**JOHNS HOPKINS UNIVERSITY AND
JOHNS HOPKINS HEALTH SYSTEM CORP.'S
<u>MOTION TO STAY DEADLINE TO RESPOND TO COMPLAINT</u>**

Defendants Johns Hopkins Health System Corporation and Johns Hopkins University (collectively, the "Johns Hopkins Defendants"), by and through undersigned counsel, hereby submit this Motion to Stay the deadline to respond to Plaintiff Doe's ("Plaintiff") Complaint, and state as follows:

**INTRODUCTION**

1. This case is one of five related cases pending in this Court and assigned to Your Honor involving overlapping legal issues and plaintiff classes.[1] To date, the Johns Hopkins Defendants have been served with complaints in three out of the five cases, including this case.

2. In addition, there is currently a proceeding before the U.S. Judicial Panel on Multidistrict Litigation ("JPML") where the five cases have been identified as "related." The matter before the JPML is captioned *In Re MOVEit Consumer Data Security Breach Litigation*,

---

[1] There is a sixth case involving overlapping issues and prospective classes of plaintiffs currently pending in the Circuit Court for Baltimore City.

MDL Docket No. 3083 ("*In re MOVEit* MDL"). While the cases before this Court have not been transferred to the MDL, there is a pending Motion for Transfer and Centralization of Related Actions to the District of Minnesota Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings (the "Motion to Transfer").

3. The Court should stay the deadline for the Johns Hopkins Defendants to respond to the Complaint for 60 days to allow adequate time for (1) service of the additional complaints filed in this Court, (2) the JPML to rule on the Motion to Transfer, (3) the five cases before this Court to be consolidated in the event they are not transferred, and (4) the Johns Hopkins Defendants to respond to a consolidated complaint. Staying the Johns Hopkins Defendants' response deadline will promote judicial economy and conserve the parties' resources, and no party will be prejudiced by a brief stay.

## PROCEDURAL BACKGROUND

### *The Cases Before This Court*

4. This case is one of five related cases pending before this Court arising out of a data breach that allegedly involved personal information in the possession of the Johns Hopkins Defendants (collectively, the "Maryland Cases"). The Johns Hopkins Defendants retained undersigned counsel to represent them in connection with the Maryland Cases on July 25, 2023.

5. The Johns Hopkins Defendants deadlines to respond to each complaint before this Court are summarized below:

| Case Caption | Case No. | Johns Hopkins Response Date |
|---|---|---|
| *Pamela Hunter v. The Johns Hopkins University et al.* | 1:23-cv-01826 | August 3 |
| *Maria Gregory & Ayomiposi Asaolu v. Johns Hopkins University et al.* | 1:23-cv-01854 | August 8 |
| *Plaintiff Doe v. Progress Software Corp. et al.* | 1:23-cv-01933 | August 15 |

2

| *Monika Truesdale v. Progress Software Corp. et al.* | 1:23-cv-01913 | Complaint has not been served |
| *Pulignani v. Progress Software Corp. et al.* | 1:23-cv-01912 | Complaint has not been served |

6. The Maryland Cases have been related and are assigned to Your Honor.[2]

7. On August 1, 2023, undersigned counsel contacted Plaintiff's counsel in this case and counsel for the plaintiffs in the other Maryland Cases, requesting their consent to the 60-day stay requested herein. Plaintiff's counsel responded that they were amenable to a stay, but undersigned counsel has been unable confirmation that Plaintiff's counsel specifically consents to a 60-day stay.[3]

### *The In re MOVEit MDL*

8. In addition to the Maryland Cases pending before this Court, the *In re MOVEit* MDL is pending before the JPML. That litigation is focused on Defendant Progress Software Corp. (the owner of MOVEit, a managed file software transfer product that is the subject of the Johns Hopkins data breach) and Pension Benefit Information (another user of MOVEit software).

9. On July 6, 2023, before the Complaint in this case and the other Maryland Cases were filed and before undersigned counsel were retained by the Johns Hopkins Defendants, a plaintiff in the *In re MOVEit* MDL filed the Motion to Transfer, requesting that various cases involving Pension Benefit Information be transferred to a MDL in the U.S. District Court for the District of Minnesota.

---

[2] The *Hunter* case was initially assigned to Your Honor, while this case and the remaining cases were reassigned as related cases.
[3] The plaintiffs in the *Hunter* and *Gregory* cases to not oppose a 60-day stay and the Johns Hopkins Defendants filed unopposed motions staying the deadlines to respond to the complaints in those cases yesterday.

10. The Johns Hopkins Defendants intend to oppose the Motion to Transfer and will file their opposition on or before August 4. A ruling from the JPML should follow shortly thereafter.

**ARGUMENT**

11. The Court has the inherent power to stay proceedings. *See In re Webvention LLC '294 Pat. Litig.*, 868 F. Supp. 2d 500, 504 (D. Md. 2012) ("District courts have inherent power to manage their dockets and stay proceedings[.]") (quotations omitted); *Mitchell v. Lonza Walkersville, Inc.*, No. CIV.A. RDB-12-3787, 2013 WL 3776951, at *2 (D. Md. July 17, 2013). This includes the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Mut. Funds Inv. Litig.*, No. 04-MD-15862, 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011) (quotations omitted). The decision of whether to stay proceedings "is left to the court's broad discretion and calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Raplee v. United States*, 842 F.3d 328, 335 (4th Cir. 2016) (internal quotations omitted).

12. Generally, courts "consider three factors when ruling on a motion to stay: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, No. CIV. 12-3738-JKB, 2013 WL 682906, at *1 (D. Md. Feb. 22, 2013).

13. Courts have routinely found all three factors are satisfied in the context of a motion to stay pending resolution of a motion to transfer directed to the JPML. *See e.g.*, *Davis*, 2013 WL 682906, at *2; *Wood v. Johnson & Johnson*, No. CIV. WDQ-12-1572, 2012 WL 3240934, at *2 (D. Md. Aug. 3, 2012); *Yearwood v. Johnson & Johnson, Inc.*, No. CIV.A. RDB-12-1374, 2012 WL 2520865, at *3–5 (D. Md. June 27, 2012); *Lewis v. Cottrell, Inc.*, No. CIV.A. WMN-11-2632,

2012 WL 12252554, at *1 (D. Md. Feb. 14, 2012); *Moore v. Wyeth-Ayerst Lab'ys*, 236 F. Supp. 2d 509, 511–12 (D. Md. 2002). Likewise, all three factors are satisfied here.

14. *First*, judicial economy favors staying this case to allow sufficient time for the JPML to rule on the Motion to Transfer in the *In re MOVEit* MDL. If the Motion to Transfer is granted, this Court will have needlessly expended time familiarizing itself with issues in cases that will ultimately be heard by another court. *See Lewis*, 2012 WL 12252554, at *1 (holding that the interests of judicial economy favored granting motion to stay pending the JPML's ruling on a motion to transfer); *Moore*, 236 F. Supp. 2d at 512 ("Because it furthers the goals of judicial economy and consistency, the motion to remand will be stayed until the Judicial Panel on Multidistrict Litigation can rule on Wyeth's motion to transfer.").

15. Moreover, if the Maryland Cases are not transferred to the *In re MOVEit* MDL, the Johns Hopkins Defendants intend to seek the plaintiffs' consent to consolidate the Maryland Cases or, if an agreement cannot be reached, move to consolidate.[4] Requiring the Johns Hopkins Defendants to respond to each complaint in the Maryland Cases individually before the Court considers whether consolidation is appropriate would also waste judicial resources.

16. *Second*, the Johns Hopkins Defendants will suffer significant hardship if this case is not stayed to allow for sufficient time for transfer or consolidation issues to be resolved. Absent a stay, the Johns Hopkins Defendants will be required to separately respond to five complaints before this Court dealing with virtually identical factual and legal issues. This will result in a significant waste of time and resources that can easily be avoided if this case is stayed while the issues of transfer or consolidation are resolved. *See Israel v. Johnson & Johnson*, No. 12-CV-2953-JKB, 2012 WL 6651928, at *3 (D. Md. Dec. 19, 2012) (holding "[t]here is a real risk that

---

[4] Undersigned counsel for the Johns Hopkins Defendants have already contacted counsel for the plaintiffs in the Maryland Cases for their consent to consolidation and are awaiting their reply.

5

Defendants will face hardship and prejudice if a stay is not granted" because, "[a]bsent a stay, Defendants will be forced to duplicate its litigation efforts").

17. *Third*, Plaintiff in this case and the plaintiffs in the other Maryland Cases will not be prejudiced by a short stay. As explained above, the Johns Hopkins Defendants' opposition to the Motion to Transfer is due on August 4. After the opposition is filed, the JPML will likely issue a ruling shortly thereafter. A 60-day stay to allow the JPML to issue this ruling is a minor delay, especially given that this case is in its infancy. *See Lewis*, 2012 WL 12252554, at *1 ("Moreover, assuming timely briefing by all parties, the Court expects that the JPML will make a decision on the motion to transfer in the next few months, so any delay to Plaintiffs' case should be minimal."); *Israel*, 2012 WL 6651928, at *3 (holding that "some delay" resulting from a stay pending ruling on a motion to transfer was not prejudicial); *Wood*, 2012 WL 3240934, at *2 (holding that substantial delay while the JPML ruled on a motion to transfer was unlikely).

## CONCLUSION

18. Simply put, there is no reason to rush this case forward before the JPML can rule on which court will hear this case in the first place. A 60-day stay will allow the JPML to issue its ruling on the Motion to Transfer and this minor delay will not prejudice Plaintiff.

19. If the JPML denies the Motion to Transfer, this case should not proceed separately from the other Maryland Cases. Indeed, the Maryland Cases have already been found to be related and are now assigned to Your Honor. Staying this case will allow the parties to bring issues related to consolidation before the Court and eliminate wasteful duplication of efforts by the Court and parties.

WHEREFORE, for the foregoing reasons, the Johns Hopkins Defendants respectfully request that the Court stay the deadline to respond to the Complaint and permit the Johns Hopkins Defendants to respond to the Complaint within 60 days of the Court's order granting this Motion.

[*signatures on following page*]

Dated: August 3, 2023

/s/ *James D. Houghton*
James D. Houghton (No. 20811)
ORRICK HERRINGTON & SUTCLIFFE LLP
2001 M Street NW, Suite 500
Washington, D.C. 20036
jhoughton@orrick.com
Tel.: (202) 349-8000
Fax: (202) 349-8080

Aravind Swaminathan (*pro hac vice* forthcoming)
ORRICK HERRINGTON & SUTCLIFFE LLP
401 Union Street - Suite 3300
Seattle, WA 98101
aswaminathan@orrick.com
Tel.: (206) 839-4340

Marc Shapiro (*pro hac vice* forthcoming)
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
mrshapiro@orrick.com
Tel.: (212) 506-3546

*Counsel for Defendants Johns Hopkins Health System Corporation and Johns Hopkins University*

# CERTIFICATE OF SERVICE

I hereby certified that on August 3, 2023, a copy of the foregoing motion and proposed order were served on all parties of record via the Court's ECF/CM system:

Gary E. Mason
MASON LLP
5335 Wisconsin Avenue NW, Suite 640
Washington, D.C. 20015
gmason@masonllp.com
Tel.: (202) 429-2290

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO
1301 Second Avenue, Suite 2000
Seattle, WA 98101
steve@hbsslaw.com
sean@hbsslaw.com
Tel.: (206) 623-7292

Jeffery S. Goldenberg
Todd B. Naylor
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com
Tel.: (513) 345-8291

Charles E. Schaffer
Nicholas J. Elia
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
cschaffer@lfsblaw.com
nelia@lfsblaw.com
Tel.: (215) 592-1500

Joseph M. Lyon
THE LYON FIRM
2754 Erie Ave.
Cincinnati, OH 45208
jlyon@thelyonfirm.com
Tel.: (513) 381-2333

*Counsel for Plaintiff*

and by electronic mail and first-class mail, postage prepaid, on:

Jeffery Tsai
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
jeff.tsai@us.dlapiper.com
Tel.: (415) 615-6055

Eric Roberts
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
eric.roberts@dlapiper.com
Tel.: (312) 368-2167

Haley Torrey
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
haley.torrey@dlapiper.com
Tel.: (215) 656-2436

*Counsel for Defendant*
*Progress Software Corporation*[5]

                                          /s/ *James D. Houghton*
                                          James D. Houghton

---

[5] Counsel at DLA Piper LLP (US) identified above represent Defendant Progress Software Corporation in the *In re MOVEit MDL* and are expected to enter their appearances in this case shortly.